# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ASSET ENHANCEMENT GROUP, LLC,**

        **Plaintiff,**

**v.**                                        **Case No:  6:12-cv-1625-Orl-28GJK**

**SOVEREIGN EQUITIES CORPORATION,
JOHN T. CENTO, ROBERT R. HENDRY,
JANE DOE HENDRY, LARRY DEWAYNE
KEY, SANDRA KEY, DOES I-X, BLACK AND
WHITE CORPORATIONS I-X,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT LARRY DEWAYNE KEY'S VERIFIED MOTION TO QUASH SERVICE WITH 301(G) CONFERENCE CERTIFICATION (Doc. No. 50)** |
| **FILED:** | **April 10, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. BACKGROUND

On October 30, 2012, Plaintiff, Asset Enhancement Group, LLC, filed a nine-count Complaint against Defendants, Sovereign Equities Corporation (hereafter "Sovereign Equities"), John T. Cento, Jane Doe Cento, Robert R. Hendry, Jane Doe Hendry, Robert Busch, Jane Doe Busch, Larry Dewayne Key and Sandra Key.  Doc. No. 1.  Plaintiff alleges that it agreed to provide funds and Defendants agreed to invest the funds for Plaintiff's benefit.  Doc. No. 1 at 3 ¶

15. Plaintiff alleges that it entered into an escrow agreement with Hendry, Stoner & Brown, P.A., whereby it deposited $3,563,168.21 into an escrow account on July 31, 2012. Doc. No. 1 at 3 ¶¶ 16-17. Plaintiff alleges that $115,000.00 of the escrow funds were disbursed to Sovereign Equities, with the remaining disbursed to EBTC, Inc., working as Sovereign Equities' agent, to invest for Plaintiff's benefit. Doc. No. 1 at 3 ¶¶ 18-19. Before entering into the escrow agreement, Plaintiff alleges that it entered into an asset and treasury management agreement, whereby Sovereign Equities, through the Centos, Hendrys, Buschs and Keys, represented it would invest Plaintiff's funds in short and long term investment opportunities within fifteen (15) banking days after the funds were deposited into the escrow account. Doc. No. 1 at 4 ¶¶ 21-22, 24, 27. Plaintiff also alleges that Sovereign Equities, through the Centos, Hendrys, Buschs and Keys, represented its funds were "'being structured in a trade'" and were invested. Doc. No. 1 at 4 ¶¶ 29, 31. Plaintiff alleges that these representations were knowingly false. Doc. No. 1 at 4-5 ¶¶ 23, 25, 28, 30, 33.

Plaintiff alleges that, on August 23, 2012, Sovereign Equities acknowledged its failure to invest Plaintiff's funds within fifteen (15) banking days of the funds being deposited into the escrow account, requested an extension to September 10, 2012, to perform, and asserted it anticipated payouts by September 28, 2012. Doc. No. 1 at 5 ¶ 35. Plaintiff alleges that Larry Dewayne Key represented that Plaintiff's funds were at a trade bank, contracts would be received by September 10, 2012, and payouts would begin September 28, 2012. Doc. No. 1 at 5 ¶¶ 38, 40. Plaintiff also alleges that the Centos represented that Sovereign Equities was unable to fulfill its obligations under the asset and treasury agreement due to the "fault of unreferenced bank authorities." Doc. No. 1 at 5 ¶ 42. Plaintiff alleges that these representations were false

when made and it relied on them in agreeing to grant the deadline modification. Doc. No. 1 at 5 ¶ 36, 39, 41, 43-45.

Plaintiff alleges that as a result of Sovereign Equities' failure to perform its obligations, it delivered a formal default notice and demanded a return of its funds. Doc. No. 1 at 6 ¶¶ 46, 48, 50, 52. Plaintiff alleges that Sovereign Equities acknowledged receipt of its default notice and demand to return its funds, but failed to do so. Doc. No. 1 at 6 ¶¶ 54, 56-58. Based on these allegations, Plaintiff asserts nine claims.

Counts I and III are asserted against Sovereign Equities and allege breach of contract and conversion. Doc. No. 1 at 7-8. In Count II, Plaintiff asserts a claim for consumer fraud, pursuant to Section 501.201, Florida Statutes, et. seq.,[1] against Sovereign Equities, the Hendrys and Centos. Doc. No. 1 at 7-8.[2] The remaining counts assert joint and several liability against all Defendants. Counts IV-VII assert claims for fraudulent inducement, conspiracy to defraud, breach of fiduciary duty, and unjust enrichment. Doc. No. 1 at 9-11. Counts VIII and IX assert claims for the sale of unregistered and fraudulent securities. Doc. No. 1 at 12-13.

On April 10, 2013, Mr. Key filed a verified motion to quash service (hereafter "Motion"), asserting that service was invalid because it "was made on private property after warning of trespass which is a violation of the law of the State of Georgia . . . ." Doc. No. 50 at 1 ¶2. On April 12, 2013, Plaintiff filed an affidavit of service, indicating that Larry DeWayne Key was served on November 14, 2012, at the Church of God in Monroe, Georgia. Doc. No. 53. On April 22, 2013, Plaintiff filed its response to the Motion. Doc. No. 67.

---

[1] Section 501.201 is known as the Florida Deceptive and Unfair Trade Practices Act.

[2] Count II's heading indicates that it is asserted against all Defendants. Doc. No. 1 at 7. However, the paragraph setting forth the relief being requested seeks judgment against Sovereign Equities, the Hendrys and Centos jointly and severally. Doc. No. 1 at 8 ¶ 76. Similarly, Plaintiff's wherefore clause seeks "damages against all Defendants as outlined in the Complaint." Doc. No. 1 at 15.

## II. LAW

An individual may be served by "delivering a copy of the summons and of the complaint to the individual personally" or by following state law "in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1), (2)(a). Georgia law provides that the summons and complaint must be served on the individual personally, by leaving copies at the defendant's usual place of abode with a person of suitable age and discretion who resides therein, or by delivering copies to an authorized agent. Ga. Code Ann. § 9-11-4 (2012).

## III. ANALYSIS

Mr. Key does not cite any authority to support his assertion that service on "private property after warning of trespass" violates Georgia law. Doc. No. 50. It is the moving party's burden to provide citation to the legal authority relied upon. *See Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 (10th Cir. 2001) (indicating the court will not do a party's research and a party who fails to support a point with pertinent authority forfeits it). The affidavit of service reflects that Mr. Key was personally served with process. Personally serving a defendant complies with both Rule 4(e) and Georgia law. Accordingly, it is **RECOMMENDED** that the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on May 15, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy